## United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Mark Filip | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6337 | **DATE** | 1/31/2008 |
| **CASE TITLE** | Don Campbell # 2007-0033595 vs. Judge Haberkorn, et al | | |

**DOCKET ENTRY TEXT**

Plaintiff's motions for clarification (D.E. 8 and D.E. 10) are denied without prejudice as moot. Plaintiff is advised that the Court has received his notice of change of address (D.E. 6), his "status check" of January 15, 2008 (D.E. 7) and his letter of January 22, 2008 (D.E. 9). Furthermore, Plaintiff is advised that his case is proceeding in the ordinary course, and that Plaintiff will be notified when orders are issued by the Court.

*Mark Filip*

■[ For further details see text below.]                                          Docketing to mail notices.

---

### STATEMENT

Plaintiff Don Campbell ("Plaintiff") is currently an inmate at the Lawrence Correctional Center in Sumner, Illinois. (D.E. 6 at 1.) He has struck out already within the meaning of 42 U.S.C. § 1915(g) because of his history of frivolous lawsuits. Plaintiff filed the instant lawsuit on November 8, 2007, alleging violations of his constitutional rights and seeking relief under 42 U.S.C. § 1983. (*See* D.E. 1 at 1.) Shortly after filing the instant lawsuit, Plaintiff was transferred from the Cook County Jail to the Lawrence Correctional Center, and for that reason, Plaintiff sent a notice of change of address to this Court, which was received on January 14, 2008. (D.E. 6.) Recently, Plaintiff filed two motions (the "Motions") with the Court. (D.E. 8; D.E. 10.) The Motions are nearly identical—both Motions request "clarification" of whether the Court received Plaintiff's notice of change of address and whether the Court has issued any orders in this case. (*See* D.E. 8 at 2; D.E. 10 at 2.)

In the Motions, Plaintiff indicates that he is concerned that officials at the Lawrence Correctional Center have been stealing his mail or altering written communications he has sent to the Court. (D.E. 8 at 2.) Because the Court has received Plaintiff's notice of change of address (D.E. 6), as well as various other documents Plaintiff has filed since the notice of change of address was filed (*see* D.E. 7; D.E. 8; D.E. 9; D.E. 10), Plaintiff's concerns seem to be ill-founded. Therefore, Plaintiff's Motions are denied without prejudice as moot.

Plaintiff is also advised that this case is proceeding in the ordinary course, and the Court is addressing issues in this case as they arise. Plaintiff has filed a request to proceed *in forma pauperis* (D.E. 3), but because Plaintiff has accumulated three strikes under 42 U.S.C. § 1915(g) (*see* D.E. 3 at 1), this case may not proceed unless and until Plaintiff either pays the $350 statutory filing fee in full or adequately alleges that he is "under imminent danger of serious physical injury." *See* 42 U.S.C. § 1915(g); *see also Heimermann v. Litscher*, 337 F.3d 781, 781 (7th Cir. 2003). Therefore, Plaintiff must await resolution of this threshold issue.

**STATEMENT**

When the Court rules on Plaintiff's *in forma pauperis* application, Plaintiff will be notified by the Clerk of the Court.

    So ordered.

*Mark Filip*