United States District Court
Northern District of Illinois



Don Campbell
Plaintiff

vs.

Catherine Haberkorn, Michael Fitzgerald, Deputy Sheriff, Deputy Sheriff Picanfee, Phyllis Yaeger, Court Reporter, Abraham Centendo, Clerk, Mr. Duma, oct, Sheriff's Police Dave Sevic, Sheriff's police
Defendants

Case No: 07-C-6337

Judge: Ruben Castillo

MAR 24 2008
FILED
MAR 24 2008
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

Plaintiff's Motion for Reconsideration of this Court's March 11, 2008 Summarily Dismissal of this Case

1. First with respect to this Court's order dismissing this case, this ruling was erroneous in the following ways:

The Court said that Campbell failed to inform the Court that he had struck out. But Campbell did tell the Court that he had struck out, and this is evident from the original cover letter to the Court, this is evident because Campbell filed the affidavit to proceed in forma pauperis under imminent danger, because 28 USC 2 1915(g) clearly alerts the Court that Campbell can only bring imminent danger claims in forma pauperis. Campbell also wrote imminent danger on the first page of the complaint, which tells the Court that he has struck

Reconsideration Motion     Page 2.     07-C-6337

Out,

Further previous Judge Mark Filip, on 1-31-08 addressed this complaints affidavit to proceed informa pauperis under Imminent Danger, and this Judge understood that Campbell had put the Court on sufficient notice that he had struck out and understood that he could only proceed under Imminent Danger without paying the filing fee. When Campbell filed the Imminent Danger informa pauperis affidavit in Case No. 06-C-5387 before Judge James Zagel, it was exactly the same yet he understood. Further prior to this Courts March 11, 2008 Ruling, Campbell on February 9th 2008 mailed for filing in this Court a Affidavit in support of informa pauperis request under Imminent Danger, within this six page document Campbell points out exactly how he received 3 strikes, Campbell points out and gives the case numbers he believe that struck him out so that he could not proceed informa pauperis.

But in none of these previous lawsuits where Campbell was struck out, did Campbell label them Imminent Danger, or request to proceed informa pauperis under Imminent Danger, because Campbell had not yet struck out did not have 3 strikes under 28 USC 1915.

Clearly Campbell knew not to deceive the Court and so, this Court is erroneous when the Court ruled Campbell did not inform the Court he had 3 strikes.

2. The Court's March 11, 2008 Ruling completely ignores or inadvertently

Reconsideration Motion     Page 3.     07-C-6337

overlooked and did not address the Imminent Danger claims, on pp 19-24 of the Complaint, the claims against Defendants Mr. Duma Sgt Sheriff's police and David Sevic, Sheriff's police, where these are the Defendants that truly make the complaint one of Imminent Danger, what is more important is that on December 30, 2007 Campbell filed with the Court a Motion to Supplement Imminent Danger Complaint under 1983 with attached Exhibits (1) (2) and (3) and clearly in attached Exhibit (3) 3 page Affidavit, Campbell pointed out how he was attacked and assaulted in the Cook County Jail, and how those attacks have followed Campbell to Lawrence prison by way of threats and conflict, Campbell pointed these facts out in the Affidavit in support of informa pauperis request under Imminent Danger pp. 2-6 Further Campbell has since had threats and almost assaulted at Lawrence prison from these facts. In Ashley Vs. Dilworth 147 F.3d 715 (8th Cir. 1998) Prisoner was allowed to proceed on Imminent Danger where threat is continuous.

And here Imminent Danger exist because Campbell believes any day he will be assaulted at Lawrence, Also pursuant to Fed. R. Civ. P. 8 if the Court needed more facts Dismiss-al was not the Remedy, But allowing Campbell to Amend the complaint would have been appropriate. Also the Court Erroneously charged Campbell $350.00 filing fee It is clear if Campbell had no right to file a Imminent Danger Complaint then Case Law supports the fact that, Campbell can not be charged for a Complaint he has no right to bring, Pursuant to (PLRA) White V. State of Colo 157 F.3d 1226 (1998) Rivera V. Allin 144 F.3d 719 (1998) Ayers V. Norris 43 F. Supp. 2d 1039 (1999)

Campbell should not be forced to try to Appeal the charging him a filing fee, when the Case Law is clear.

-e

3. That with Respects to the Injunctive Relief sought against Judge Catherine Haberkorn, on November 19, 2007 Campbell pleaded guilty to 4 years, on February 26, 2008 Campbell was writed back to Court before Judge Haberkorn, and Campbell and Judge Haberkorn Resolved any outstanding issues, as Judge Haberkorn agreed to be Quite Reasonable, so any Injunctive Relief sought against Judge Haberkorn in this Complaint is withdrawn;

Accordingly without the Distraction of Judge Haberkorn in this Complaint, can you please Reconsider the Dismissal and Address the Imminent Danger Claims against Mr. Duma, so R+ Sheriff's police and David Jervic, sheriff's police

Notice of filing And proof of service

To: Richard Devine, States Atty, 500 Richard J. Daley Center Chicago, IL 60602

Please be Advised that on March 18, 2008 I filed the original motion to Reconsider a Copy served on you by Mail, The Motion was file with Michael Dobbins, Clerk 219 S. Dearborn St. Chicago, IL 60604

Don Campbell, Lawrence Corr. Center RR#2 Box 31 Sumner, IL 62466
I Declare under penalty of perjury that the foregoing is true and Correct pursuant to 28 USC 1746

CC: Judge Catherine Haberkorn
CC: Deputy Attorney General Mark Filip, Previous Judge